## UNITED STATES of America

### v.

### Charles F. CAMPBELL, Defendant.

### Criminal No. 92–0234–04–LFO.

United States District Court, D. Columbia.

April 18, 1997.

Chrisellen Kolb, Asst. U.S. Atty., Washington, DC, for Government.

Charles Kubinski, Washington, DC, for Defendant.

Philip T. Inglima, Cacheris & Treanor, Washington, DC, amicus curiae.

## MEMORANDUM

OBERDORFER, District Judge.

This case involves a 53–year–old defendant, Campbell, who is an addict, with a record to prove it. A co-defendant Walls and his partner, Jackson, had offered to supply powder cocaine to a DEA undercover agent. The undercover agent demanded "crack" cocaine instead. There were three deliveries, only one of which involved Campbell. In preparation for that last delivery. Walls handed to Campbell some powder cocaine and soda, with which he "cooked" 163 grams of crack. Walls then delivered this batch of crack to the DEA undercover agent in exchange for $8,400 in government funds, and at the direction of the undercover agent, Walls gave Campbell a piece of crack for his services. He literally "cooked" the powder cocaine into crack solely to feed his addiction. *Compare Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

Some time ago I sentenced Walls and his partner to incarceration for life without parole. I sentenced Campbell and another defendant. Blakney, who cooked another smaller batch of crack for Walls (for which the agent paid her $100), to 33 months in prison, plus 5 years of supervised release— the equivalent sentence for powder cocaine offenses. I ruled that the imposition of the 20–year crack sentence mandated by the statute for Campbell and the mandatory 10–year sentence sought by the prosecution for Blakney would be cruel and unusual application of the law in violation of the Eighth Amendment. *United States v. Walls,* 841 F.Supp. 24 (1994). A panel of the Court of Appeals reversed and remanded. *United States v. Walls,* 70 F.3d 1323 (1995).

On remand, I have resentenced the other cooker, Blakney, to time served. Among other things, 19 months earlier she had completed her 33–month sentence with commendations from the Bureau of Prisons. *See DeWitt v. Ventetoulo,* 6 F.3d 32 (1st Cir.1993) (Boudin, J.). After her release, she re-established her life with a positive relationship with her young family and appears to have overcome her addiction—again with fulsome commendations from her probation officer. Furthermore, in response to my inquiry, a representative of the Sentencing Commission advised me that there had been approximately 40,000 criminal appeals since the inception of guideline sentencing. In only 83 of those cased was a defendant incarcerated for the first time after an appeal and in only 5 of those 40,000 cases was there a defendant who had been incarcerated for a substantial period and then released, only to be resentenced. Since, as I earlier determined, *under the circumstances,* a 10–year sentence for Blakney would be so grossly harsh as to violate the Eighth Amendment, I found and concluded that events subsequent to the completion of her sentence and the Court of Appeals' consideration of it, materially reinforced my earlier opinion that additional incarceration of approximately seven years (as the United States demanded) would be both cruel *and* unusual. The United States has filed a notice of appeal.

Campbell had not completed his sentence at the time of the Court of Appeals ruling on it. He convincingly asserts that it was his reasonable expectation that the 33–month sentence originally imposed was all he would be required to serve. It is likely, moreover, that given his age, physical condition, and his drug abuse history, a 20–year sentence would be equivalent to a life sentence. But his circumstances differ in material respects from those of the other cooker, Blakney. I earlier suggested to Campbell's counsel in open court that they seek a pardon for Campbell. I have since considered postponing his sentence to await the action of the Sentencing Commission and Congress on

proposals there pending to change the 100–to–1 disparity between the sentences for crack and powder cocaine offenses. However, on reflection, I conclude that consideration of such a postponement and other aspects of my management of Campbell's case could present to reasonable observers, including particularly prosecutors and the Court of Appeals, an appearance of bias within the meaning of 28 U.S.C. § 455(a). *See United States v. Microsoft Corp.,* 56 F.3d 1448, 1463–65 (D.C.Cir.1995). Accordingly, I have today asked the Calendar Committee of this Court to reassign this case to another judge.